

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00175-CR

ADAM CLEMENTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1274535D, Honorable George W. Gallagher, Presiding

November 13, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, appellant Adam Clementson was convicted by a jury of the third degree felony offense of assault on a public servant.[1] Punishment was assessed at five years of imprisonment, suspended in favor of two years of community supervision. Appellant timely perfected an appeal.

The clerk's record was filed on July 3, 2014, and the reporter's record on July 9. On August 8, appellant was granted an extension of time in which to file his brief,

---

[1] TEX. PENAL CODE ANN. § 22.01(B)(1) (West 2013).

making his brief due September 10.  A notice advising appellant his brief was late was sent on September 17.  On September 18, counsel filed a second request for an extension of time in which to file the brief.  His request was granted, making the brief due October 10.  Appellant did not file a brief, and on October 27, the Court notified appellant of the deficiency and advised that unless the brief or an appropriate response was received on or before November 6, the appeal would be abated and the cause remanded.  Appellant did not respond and the brief remains outstanding.

Rule 38.8(b)(1) provides that an appellant's failure to file a brief does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b). On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1.  whether appellant desires to prosecute his appeal;

2.  whether appellant has abandoned the appeal or failed to make necessary arrangements for filing a brief;

3.  the reason for the failure to file a brief; and

4.  if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

Should it be determined appellant does want to prosecute this appeal and the court determines he is indigent and entitled to new appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court.

2

Finally, the trial court shall execute findings of fact, conclusions of law, and any orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 15, 2014.

It is so ordered.

Per Curiam

Do not publish.